**STED**
Alan Westbrook
Nevada Bar No. 6167
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
Telephone: (702) 727-1400
Facsimile:  (702) 727-1401
alan.westbrook@wilsonelser.com
*Attorneys for Defendant GNLV, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KARYNE BERKSON, an individual, | Case No.   2:25-cv-00927-EJY |
| Plaintiff, | |
| v. | **Stipulation and Order to Extend Discovery (Third Request)** |
| GNLV, LLC, a Nevada limited liability company d/b/a GOLDEN NUGGET LAS VEGAS HOTEL & CASINO; DOE INDIVIDUAL(S) 1 through 40; ROE CORPORATION(S) 1 through 40; DOE EMPLOYEE(S) 1 through 40; ROE EMPLOYER(S) 1 through 40; DOE NEGLIGENT EMPLOYEE(S) 1 through 40; ROE NEGLIGENT COMPANY(IES) 1 through 40; DOE NEGLIGENT MAINTENANCE EMPLYEE(S) 1 through 40; ROE NEGLIGENT MAINTENANCE COMPANY(IES) 1 through 40; DOE NEGLIGENT INDIVIDUAL(S) 1 through 40; DOE LANDOWNER(S) 1 through 40; ROE LANDOWNER(S) 1 through 40; ROE LANDLORD(S) 1 through 40; ROE LESSOR(S) 1 through 40; roe lessee(s) 1 through 40; | |
| Defendants. | |

1

1.    **Summary of Discovery Completed:** The Court entered an Amended scheduling order on July 21, 2025. All parties have made their Rule 26 disclosures of witnesses and documents and provided multiple supplements thereto. Plaintiff has propounded written discovery in the form of four sets of Interrogatories, three sets of Requests for Production and three sets of Requests for Admission. Defendant has responded to Plaintiff's written discovery with the exception that Responses to Plaintiff's Third set of Requests for Admissions, Fourth set of Interrogatories and Third set of Requests for Production are currently pending. Defendant has propounded initial written discovery in the form of Interrogatories and Requests for Production. Plaintiff has responded to Defendant's written discovery. Plaintiff provided Medical Authorizations to obtain medical records from healthcare providers that Plaintiff treated with as a result of the subject incident on November 6, 2025, and medical authorizations for some medical providers seen by Plaintiff prior to the subject incident on November 20, 2025. An inspection and testing of the floor of the subject premises has taken place and was attended by experts. Plaintiff has served subpoena and obtained records from a flooring vendor and produced obtained records. Plaintiff's counsel has conducted the deposition of security officer for Defendant.

The Plaintiff served her Third Supplemental Disclosure of Documents and Witnesses Pursuant to FRCP26(a)(1) and Pre-Trial Disclosure on February 3, 2026.  This disclosure included record from Dr. Kuruvilla, DPM, related to the claimed ankle injury from August 26, 2025; Dr. Bady record from December 9, 2025 related to a lumbar, left should and left knee complaint he had last seen her for on December 20, 2024; and records from Dr. DiMuro, pain management, from September 11, 2025, following a radiofrequency ablation of the right great Saphenous Vein and Left Greate and Small Saphenous Veins, which he opined were for a condition that was traumatically induced; and record from Jackson Physical Therapy for her return to physical therapy in November and December of 2025.

The Plaintiff's deposition was conducted February 9, 2026.  Plaintiff served additional written discovery in the form of her Fourth Requests for Admissions and Fifth Requests for Production of Documents on March 5, 2026.  Initial Expert Disclosures were served by both parties

on February 13, 2026.  GNLV, LLC supplemented its disclosures with unredacted incident reports on March 3, 2026.

2.    **Discovery Remaining:**  The additional records are being reviewed by Defense medical expert, Dr. Sinkov, and an FRCP 35 examination conducted at his earliest available for both Plaintiff and Dr. Sinkov, April 2, 2026, at 1 p.m. The deposition of Defendant's 30(b)(6) Witness needs to be scheduled, and expert depositions would likely then be scheduled.  Finally, the parties would like to engage in further settlement discussions prior to the disclosure of expert witnesses.

3.    **Why the Remaining Discovery Could Not Be Completed:**  Pursuant to LR 26-3, the parties are submitting this request to extend after the 21 days prior to the expiration of the Initial Expert Disclosure Deadline of February 13, 2026.

Good cause for this extension stems from the Plaintiff's February 3, 2026, disclosure, which provided records from May of 2025 through December of 2025, that included a surgical vein ablation procedure, treatment for an ankle injury that is being related to the subject incident, records from Dr. Bady recommending spinal cord stimulator and lumbar fusion, and Plaintiff's return to physical therapy.

Additionally, Plaintiff's testified in her February 9, 2026, deposition that she has radiofrequency ablation procedures scheduled for March 2026 and intends on moving forward with lumbar surgery in the future, a procedure that she expressed to medical care providers that she was not interested in pursuing, which therefore, necessitates a FRCP35 examination.

Defendant's expert, Dr. Sinkov, has not had time to review the newly disclosed medical records, but has made himself available for an FRCP 35 examination date of March 3, 2026, at 8 a.m., which is the soonest that could be scheduled. The parties respectfully present that for the following reasons good cause exists to warrant a 45 extension in discovery deadlines.

After exchange of emails on the issue, a Motion to Compel FRCP 35 Examination and Extend Discovery Deadlines was filed by GNLV, LLC on February 13, 2026.  In response the Court ordered an in-person or telephonic conference to discuss the issues of FRCP 35 examination and discovery extension to comply with local rule.  A series of telephone calls were conducted, and the

parties reached an agreement for Plaintiff to submit to an FRCP 35 examination, however, was unavailable within the time frame cited in the motion.  The parties reached an agreement that Plaintiff would submit to the FRCP 35 examination with Dr. Sinkov on April 2, 2026, and the expert disclosure deadline would be moved thirty days to allow time to draft a report for disclosure.

4.      **Discovery Plan**:

|  | **Current Schedule** | **Proposed Schedule** |
| --- | --- | --- |
| Amending the Pleadings and Adding Parties | October 14, 2025 | No Change |
| Initial Expert Disclosures | February 13, 2026 | May 2, 2026 |
| Rebuttal Expert Disclosures | March 16, 2026 | June 1, 2026 |
| Discovery Closes | April 15, 2026 | July 1, 2026 |
| Dispositive Motions | May 15, 2026 | July 31, 2026 |
| Pre-Trial Order, if no Dispositive Motions | June 15, 2026 | August 31, 2026 |

| Dated this 16th day of March, 2026. | Dated this 16th day of March, 2026. |
| --- | --- |
| WILSON ELSER<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP | **EGLET LAW** |
| */s/ Alan W. Westbrook*<br>Alan Westbrook, Esq.<br>Nevada Bar No. 6167<br>*Attorneys for GNLV, LLC* | */s/ Joseph Troiano*<br>Robert Eglet, Esq.<br>Nevada Bar No. 3402<br>Tracy Eglet, Esq.<br>Nevada Bar No. 6419<br>Joseph Troiano, Esq.<br>Nevada Bar No. 12505<br><br>**WILLOUGHBY SHULMAN INJURY LAWYERS**<br>Eric Willoughby, Esq.<br>Nevada Bar No. 10277<br>Stephen Shulman, Esq.<br>Nevada Bar No. 12093<br><br>*Attorneys for Plaintiff* |

IT IS SO ORDERED this 16th day of March, 2026.

UNITED STATES MAGISTRATE JUDGE

4